## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                              BANKRUPTCY PROCEEDING

DURHAM AUCTIONS, INC.                               CASE NUMBER: 08-51961 ERG

---

## MOTION TO EMPLOY SPECIAL COUNSEL
## AND APPROVAL OF CONTINGENCY FEE CONTRACT

---

COMES NOW Derek A. Henderson, Trustee in the above-referenced bankruptcy case, and files this his Motion to Employ Special Counsel and Request for Approval of Contingency Fee Contract and in support thereof would show unto the Court the following:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §327 and 11 U.S.C. §328 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

2.

On November 10, 2008, Durham Auctions, Inc. ("Debtor") filed its petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi. Derek A. Henderson was appointed the Chapter 7 Trustee ("Trustee").

3.

The Debtor has a potential claim regarding a breach of an insurance policy against Great Lakes Reinsurance, PLC. The Debtor's portion of the claim is property of the bankruptcy estate. The Debtor previously executed a contract with William Harold Jones, Attorney at Law, PO Box 282, Petal, MS 39465.

4.

The Trustee requests the Court to approve the employment of William Harold Jones as

special counsel for the specific purpose of pursuing the claim against defendants related to the claim. Said attorneys shall be employed on a contingency fee basis. A copy of the contract is attached as **Exhibit "A"**. Attorneys shall receive forty percent (40%) of any gross monetary amount of settlement or recovery. If no recovery is obtained, no attorney's fees shall be payable by the Debtor or the bankruptcy estate. The Trustee requests that the contingency fee contract be assumed and that the contract be approved to allow the Trustee to employ the attorneys as special counsel.

5.

The employment of the attorney and the contingency fee agreement is in the best interest of the estate. Said attorney does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter in which the attorneys are to be employed. See attorneys' affidavit attached hereto and marked as composite **Exhibit "B"**.

WHEREFORE, the Trustee requests the Court to find that his Motion to Employ Special Counsel and Request for Approval of Contingency Fee Contract is well taken and should be granted.

Respectfully submitted,

By:     s/ Derek A. Henderson
DEREK A. HENDERSON, TRUSTEE
AND ATTORNEY FOR THE TRUSTEE

**Derek A. Henderson, MSB #2260**
**111 East Capitol Street**
**Suite 455**
**Jackson, MS 39201**
**(601) 948-3167**

## CERTIFICATE OF SERVICE

I, DEREK A. HENDERSON, do hereby certify that I have this date served, via United States Mail, postage prepaid, a true and correct copy of the above and foregoing Motion to Employ Special Counsel and Approval of Contingency Fee Contract to all creditors and parties in interest listed on the mailing matrix and the following:

William Harold Jones
PO Box 282
Petal. MS 39465

This the 30th day of December, 2008.

s/ Derek A. Henderson
DEREK A. HENDERSON

## CONTRACT OF EMPLOYMENT

THIS CONTRACT BETWEEN _Durham Aviation Inc , Jim & Bobbie_ hereinafter called client and WILLIAM HAROLD JONES, Attorney and Counselor at Law, hereinafter called Attorney, do hereby agree as follows:

That client employs and retains said Attorney and Counselor at Law, as his counsel and attorney, to represent him and handle the settlement of suits, claims, or proceedings, against any and all parties, arising out of the following incident or facts:

_Breach of Ins. Policy 200/658/59852 of failure to pay_
_Hurricane Rita Claim by Policy in issues — on M/s Time Out_

with full power to institute any and all proceedings that said Attorney may deem necessary or expedient in representing the interests of Client. Client hereby grants to Attorney a special lien and privilege on any amount recovered in this matter, whether by judgment or settlement, to secure the fee hereinafter agreed upon. Client further authorizes attorney to obtain any and all records or documents relating to Client's claim that Attorney deems necessary, and to sign in his behalf such authorization that may be required to obtain same. Client, for and in consideration of Attorney having agreed to represent Client in this matter, and for other consideration, hereby agrees to pay to attorney in non-workmans' compensation matters, from the gross amount recovered, a contingent fee of 33 1/3% of any settlement agreed upon prior to filing of suit and 40% of any settlement agreed upon, or judgment entered, after filing of suit. In the event that any portion of the settlement, or judgment, specifies the payment of future benefits to the Client, such as an annuity or guaranteed income, the contingent fee heretofore specified shall be calculated on the present value or cost of such future benefit or deferred payment. This present value or cost shall be determined by an economist or insurance professional selected by attorney. Any fees charged by such professional shall be considered an expense, as defined below. Client authorizes Attorney to incur such expenses, including, but not limited to, investigation, medical or employment of experts, as they deem necessary for the proper investigation and presentation of this claim, and agrees that such expenses shall be reimbursed to Attorney from recovered funds payable to Client. In the event of no recovery or insufficient recovery Client shall not be liable for any expenses of this type.

Attorney reserves the right to reject employment and decline representation after investigation and/or discovery, in his/her discretion or for justifiable cause including the identification of a conflict of interest, misrepresentation or failure to disclose material facts, failure to cooperate or follow the advice of attorney, fundamental disagreements between client and attorney or other circumstances which may cause attorney to conclude that his/her ability to adequately represent client has been impaired, or for any other valid reason. Client shall retain the right to discharge attorney for any reason. The parties agree that in the event this contract is terminated, attorney shall be compensated on a quantum meruit basis together with reimbursement for all expenses incurred.

Read and approved this the _6_ day of _December_, 200_6_.

_Durham Aviations, Inc_

By _Don D._

_____     _____
NAME                          SIGNATURE

_____
ADDRESS

_____
TELEPHONE NUMBER

_____
SOCIAL SECURITY NUMBER

EXHIBIT

A

## AFFIDAVIT

STATE OF MISSISSIPPI

COUNTY OF _Forrest_

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the

jurisdiction aforesaid, William Harold Jones, who by me being duly sworn, deposes on oath as

follows:

1. That he has been a resident of the state of Mississippi for _fifty-seven_ (_57_) years
   and has been a duly licensed attorney and member of the Mississippi State Bar for
   more than _thirty_ (_30_) years.

2. That to the best of his knowledge has no connections with the creditors or parties in
   interest or their respective attorneys and accountants.

3. That to the best of his knowledge has no connections with the United States Trustee
   or any persons employed by the office of the United States Trustee.

William Harold Jones, MSB # _3287_
PO Box 282
Petal, MS 39465

SWORN TO AND SUBSCRIBED BEFORE ME this the _17th_ day of _December_,

2008.

NOTARY PUBLIC

My Commission Expires:

STATE OF MISSISSIPPI
REGIN A. RUSSELL
NOTARY PUBLIC
ID# 48268
Commission Expires
February 24, 2013
JONES COUNTY

**EXHIBIT**

_B_